Burke, J.
Defendant has been convicted of assault in the second degree. During the course of the trial the Judge interrogated a number of defendant’s witnesses as well as the accused himself. Objections and motions for a mistrial on the ground that portions of these interrogations might prove prejudicial were denied. In our judgment defendant’s objections were well taken and for that reason his conviction is reversed and a new trial ordered.
It is well known that a Trial Judge in criminal matters may take an active part in the examination of witnesses where questioning is necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial (People v. Knapper, 230 App. Div. 487, 489-490; People v. Ohanian, 245 N. Y. 227, 232). However, because of the ever present and serious threat that a jury’s determination may be influenced by what it interprets to be the court’s own opinion, this prerogative should be exercised with caution. Particularly is this true in a case like the one at hand where the balance and weight of the evidence are such as to enhance the possibility that the stated opinion of the trial court ®r even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive. Fortunately the Trial Judge here and the vast majority of the Judges of the criminal courts of our State have proven themselves admirably competent in the recognition of and protection against this danger. But there are occasions where an overly diligent effort at evincing the truth results in an impropriety or improprieties which, while unwitting, are sufficiently serious to warrant a new trial. In the case at Bar a number of questions by the Trial Judge, many of them rhetorical, directed at defendant’s witnesses were of such a nature as to indicate a communicable disbelief of their testimony. These questions posed the threat of a cumulative adverse effect on defendant’s position which, under the circumstances of this case, cannot be *122 ignored. Undoubtedly the force of these remarks in the hurry and heat of the trial was not weighed by the Judge and under different circumstances might not even be deemed so grave as to vitiate the conviction. But where, as here, the case was a particularly close one and the proof was such as to give serious jurors pause, we think it is the safer course to grant a new trial (People v. Viscio, 241 App. Div. 499, 501; People v. Hill, 37 App. Div. 327; People v. Leavitt, 301 N. Y. 113, 117; McIntosh v. State, 140 Ala. 137; Laycock v. People, 66 Col. 441).
The judgment of conviction of the defendant Valentine Mendes should be reversed and a new trial ordered.