■ ˙THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDDIE PINIERO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 30, 1967, which denied the application without a hearing. Order reversed, on the law, and proceeding remitted to the Criminal Term for a hearing (*People* v. *Harvin,* 26 N Y 2d 656; *People* v. *Bagley,* 23 N Y 2d 814; *People* v. *Granello,* 18 N Y 2d 823, 824). Appellant's claim that the evidence before the Grand Jury was insufficient, not having been made prior to judgment, is untimely (*People* v. *Martin,* 32 A D 2d 927, 928; *People ex rel. Williams* v. *La Vallee,* 30 A D 2d 1034; *People ex rel. Wysokowski* v. *Conboy,* 19 A D 2d 663, 664; *People* v. *Parker,* 8 A D 2d 863). Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM G. R. (ANONYMOUS), Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 22, 1970, adjudging defendant to be a youthful offender, after a nonjury trial, and sentencing him to probation for three years. Judgment reversed, on the law and the facts, and information dismissed. The proof did not establish the guilt of defendant beyond a reasonable doubt. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUILLERMO SOSTRE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 5, 1970, convicting him of certain narcotics crimes, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion, defendant was deprived of a fair and impartial trial by the trial court. The record demonstrates that the court unduly interjected itself into the proceedings and undertook to gratuitously aid the prosecution's case by its own interrogation of the prosecution witnesses and by comments. It took it upon itself to resolve alleged inconsistencies in the prosecution's case and to rehabilitate the witnesses and belittled the contentions of the defense in charging the jury. In addition, the court erred in excluding from evidence an affidavit submitted in support of a search warrant by one of the police witnesses. It was admissible to the extent that it was a prior inconsistent statement, made in writing and under oath (Code Crim. Pro., § 8-a). Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERRY JAMES STINNETTE, Appellant.— On May 10, 1965 this appeal by defendant from a judgment of the former County Court, Queens County, rendered April 20, 1956 after a jury trial, convicting him of robbery and grand larceny, both in the first degree, and of assault in the second degree, and imposing sentence, was ordered in abeyance and the case was remitted to the trial court for a hearing as to the voluntariness of defendant's alleged confession (*People* v. *Stinnette,* 23 A D 2d 875). Such hearing has been held and resulted in an order of the Supreme Court, Queens County, dated February 2, 1966, which determined that the confession was voluntary; and defendant has also appealed from this order. Order of the Supreme Court and judgment of the former County Court affirmed. No opinion. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.