■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE HICKS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered May 5, 1969, convicting him of robbery in the first degree, grand larceny in the second degree and possession of a dangerous weapon, upon a jury verdict, and imposing sentence. Judgment reversed on the law, and new trial ordered. The appeal did not present questions of fact. The trial court failed to make findings after conducting a pretrial suppression hearing. Under these circumstances, before the new trial is held a new hearing should be held at which the court will make the required findings (*People* v. *Growich*, 38 A D 2d 733). In its instructions to the jury the question of a tainted pretrial identification was left for the jury to decide. This is clearly improper in the light of *People* v. *Ballott* (20 N Y 2d 600) and *People* v. *Lombardi* (18 A D 2d 177, affd. 13 N Y 2d 1014) and constituted prejudicial and reversible error. In Point I of the People's brief it is stated that " The appellant is entitled to a reversal of his conviction and a direction for a new Wade hearing and trial." Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER LOUDER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 25, 1971, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to an indeterminate prison term of not more than six years. Judgment reversed as to the sentence, on the law, and case remanded to the Criminal Term for resentencing. In our opinion, there was a failure to comply with section 207 (subd. 1) and section 208 (subd. 4, par. b) of the Mental Hygiene Law. When defendant appeared for sentencing, his counsel advised the court that defendant was an addict and " this was the whole basis for all * * * [his] robberies." Once the question of addiction is before the court, it cannot be brushed aside by a defendant's failure to press for a medical examination (*People* v. *Batson*, 39 A D 2d 586). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MACCHIO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 26, 1971, convicting him of criminal usury, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion, defendant was deprived of a fair and impartial trial by the trial court. The record demonstrates that the court unduly interjected itself into the proceedings, often assumed the role of prosecutor and may well have conveyed to the jury that it was of the opinion that defendant was guilty (*People* v. *Sostre*, 37 A D 2d 574; *People* v. *Landy*, 38 A D 2d 962, 963). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.