■ The People of the State of New York, Respondent, v. Angel Luis Matos, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 2, 1973, convicting him of criminal sale of a dangerous drug in the third degree (two counts) and criminal possession of a dangerous drug in the sixth degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The record demonstrates that defendant was deprived of his right to a fair trial by the trial court's constant and unrelenting interjection into all aspects of

the proceedings, to the exasperation of both the prosecutor and the defense counsel and to the detriment of defendant. The trial court examined and cross-examined witnesses, constantly paraphrased and characterized testimony, made gratuitous remarks and observations which tended to aid the prosecution and, in its charge, made remarks which bolstered the prosecution's case. Although a Trial Judge may take an active part in the examination of witnesses where questioning is necessary to " elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial" (*People* v. *Mendes,* 3 N Y 2d 120, 121; cf. *People* v. *Hinton,* 31 N Y 2d 71), such prerogative must not be interpreted and utilized as a license to systematically and continuously pre-empt and displace counsel in the examination of witnesses (*People* v. *Baker,* 44 A D 2d 83; *People* v. *Sostre,* 37 A D 2d 574). Gulotta, P. J., Martuscello, Latham, Christ and Benjamin, JJ., concur.