■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI WOODS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, New York County, rendered February 15, 1973 in a Kings County case, convicting him of criminally selling a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Latham and Christ, JJ., concur; Martuscello, J., dissents and votes to reverse and to order a new trial, with the following memorandum, in which Hopkins, J., concurs: There are two grounds upon which a reversal and a new trial must be ordered. First, defendant was denied a fair trial by the excessive and unwarranted interference by the Trial Justice in the conduct of the trial. His repeated interjection into the proceedings, including excessive questioning of witnesses and disparagement of defense counsel before the jury, prejudiced defendant's right to a fair trial (*People v Matos,* 46 AD2d 903; *People v Baker,* 44 AD2d 83). In assessing the impact of the court's conduct on the question of whether defendant received a fair trial, the recent decision in *People v Crimmins* (36 NY2d 230) teaches that proof of guilt, no matter how overwhelming, can never be permitted to negate the right to a fair trial. Thus, the prejudicial conduct of the trial court simply cannot be disregarded. Second, in the circumstances of this case, defendant's request for disclosure of the confidential informant's identity was improperly denied. Not only was the informant an active participant in setting the stage for the drug transaction at issue, by virtue of his introduction of defendant to the undercover policeman (*Roviaro v United States,* 353 US 53; *People v Goggins & Brown,* 34 NY2d 163, cert den sub nom. *New York v Goggins and Brown v New York,* 419 US 1012), he also testified during his initial *in camera* interrogation that he had actually witnessed the sale of the drugs. This testimony clashed with that of the major prosecution witness, the undercover policeman, who indicated that the informant had left the room just before the sale took place. The informant's recantation of his testimony during a second *in camera* interrogation does not substantially detract from the fact that an important discrepancy existed in the evidence initially presented by the People. The denial of defendant's timely request for disclosure of the informant's identity thus deprived defendant of the possibility of exploring the discrepancy on cross-examination.