■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELO RICHARDS, Appellant.—Judgment, Supreme Court, New York County, rendered February 13, 1973, convicting defendant, after a jury trial, of criminal sale of a dangerous drug in the third degree, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded for retrial. Defendant was arrested by a team of officers sent to "clean up" the Times Square area after he allegedly sold two bags of heroin to an undercover officer for $14. Though found in possession of two "marked" $1 bills after his arrest, defendant denied selling drugs to the officer and gave a plausible explanation for his possession of the marked money. Despite the simple credibility issue presented, the jury had difficulty

in arriving at a verdict; and did so only after it was implicitly instructed, pursuant to its request, that it could disregard inconsistencies in the People's case and convict solely on the testimony of the principal prosecution witness. We believe the court's supplemental charge impermissibly diluted the People's burden of proof by failing to advise the jury that it could only disregard testimony which it disbelieved. Moreover, we believe reversible error was committed when the court excluded the public during the testimony of the undercover officer because he was still engaged in similar activities in the same "general area". While it is now well established that a Trial Judge has inherent discretionary power to close a courtroom, such discretion should be "sparingly exercised and then, only when unusual circumstances necessitate it." (People v Hinton, 31 NY2d 71, 76.) We find no "unusual circumstances" presented in the instant case sufficient to sanction the violation of defendant's general right to a public trial. Finally, the record supports appellant's plaint that he was denied a fair trial by reason of the Trial Judge's excessive and overactive participation in the trial and his tendency to aid and bolster the prosecution's case. During the course of the trial the court asked more questions of the witnesses than did the District Attorney. While "a Trial Judge in criminal matters may take an active part in the examination of witnesses * * * because of the ever present and serious threat that a jury's determination may be influenced by what it interprets to be the court's own opinion, this prerogative should be exercised with caution." (People v Mendes, 3 NY2d 120, 121.) We believe the court failed to heed such admonition and, in view of the closeness of the case, a right sense of justice dictates that a retrial should be granted. Concur—Stevens, P. J., Murphy, Lane and Nunez, JJ.; Kupferman, J., concurs in the result.