■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 30, 1973, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The defendant was convicted of robbery in the second degree and grand larceny in the third degree after a jury trial. The excessive interjection of the Trial Judge, by questions and comment, deprived the defendant of a fair trial. The defendant points out that the record establishes that the Trial Judge asked 76% of the questions on direct examination, 42% of the questions on cross-examination, and 55% of the total questions asked. A Trial Judge indulging in such conduct interferes with the orderly development of the case by preempting the role of counsel (see *People v Woods*, 39 NY2d 852, revg on the dissenting memorandum of Mr. Justice Martuscello in 48 AD2d 708; *People v Matos*, 46 AD2d 903; *People v Sostre*, 37 AD2d 574). Hence, a reversal is mandated. Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.