■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ROBINSON, Also Known as RUDOLPH BRUCE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 11, 1974, convicting him of attempted robbery in the second degree (two counts), attempted grand larceny in the third degree, assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The record demonstrates that the trial court unduly interjected itself into the proceedings, assumed the role of prosecutor during cross-examination, and conveyed to the jury that it was of the opinion that the defendant was guilty (see *People v Richburg,* 47 AD2d 909; *People v Vasquez,* 47 AD2d 864; *People v Macchio,* 40 AD2d 836). Some, but not all, of the improper interjections and statements by the court are the following: *"the witness: Your Honor, you see, the way you're telling it, I could never explain it.* THE COURT: *I know you can't. I know you can't. * * * THE COURT: * * ** You may have an exception to the Court's ruling but I do want you to understand, Mr. Stella, the purpose and the reasons for which I did what I did. *It was only because I could not get a clear cut answer from this man as to what street he was walking on, what street was here or there, where he had been, what he was headed to do, what buildings were located where, what was in between the bar and grill on the corner; in other words, to clarify it and to make it clear to the jury, the Court was forced to inject himself"* (emphasis supplied). Although it is well settled that a Trial Judge may and should take an active role in the examination of witnesses where such "questioning is necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial" *(People v Mendes,* 3 NY2d 120, 121), that "prerogative must not be interpreted and utilized as a license to systematically and continuously pre-empt and displace counsel in the examination of

witnesses" or to indicate disbelief of the witnesses' testimony *(People v Matos,* 46 AD2d 903, 904; *People v Baker,* 44 AD2d 83; *People v Sostre,* 37 AD2d 574). Under the circumstances of this case, in which a sharp issue of credibility was presented, the comments above set forth, and others of like character, were of such a nature as to deprive the defendant of what was his due—a fair trial (see *People v Crimmins,* 36 NY2d 230, 238). Consequently there must be a new trial. Cohalan, Rabin, Shapiro and Titone, JJ., concur; Latham, Acting P. J., dissents and votes to modify the judgment, on the law, by reversing the conviction for attempted grand larceny in the third degree and the sentence imposed thereon, and to dismiss the said count and, as so modified, to affirm the judgment, with the following memorandum: The District Attorney concedes that under the facts of this case the conviction for attempted grand larceny in the third degree under the third count of the indictment is inclusory in the conviction for attempted robbery in the second degree (see CPL 1.20, subd 37). Where a verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]). Accordingly, the conviction for attempted grand larceny in the third degree must be dismissed (see *People v Grier,* 37 NY2d 847) and the judgment should in all other respects, be affirmed.