Memorandum. The order of the Appellate Division should be affirmed. While the Trial Judge unnecessarily examined witnesses and made impromptu remarks and asides to the attorneys, the witnesses and the jury, we cannot say, on this record, that as a matter of law defendant was deprived of a fair trial. (Cf. People v Woods, 39 NY2d 852, revg on dissenting mem at Appellate Division 48 AD2d 708; People v Budd, 38 NY2d 988; People v Mendes, 3 NY2d 120; People v Matos, 46 AD2d 903.) As noted by the Appellate Division majority in its memorandum (46 AD2d 904), the court’s overbearing conduct was not directed at defendant’s side of the case alone; the court’s interference with the People’s presentation of evidence prompted at least one very strenuous objection from the prosecutor. Most of the court’s comments and questions passed without objection from defense counsel and the court’s charge to the jury was accepted without exception. Further, it is not disputed that the defendant committed the homicide of which he was accused. The only significant issue at trial was whether the defendant had sufficient mental capacity to formulate an intent to kill. There was substantial, if not over *1092 whelming, evidence from which the jury could conclude, as it did, that the defendant could, and did, formulate an intent to kill his victim.
The other issues advanced by the defendant are without merit. As previously stated, the conviction is supported by ample and legally sufficient evidence. Further, there is no reasonable view of the evidence that would have warranted the trial court to submit the offense of manslaughter in the second degree to the jury for its consideration, as a lesser included crime. (CPL 300.50; see People v Stanfield, 36 NY2d 467.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.