■ The People of the State of New York, Respondent, v Howard Kelly, Appellant.—Judgment, Supreme Court, New York County, rendered June 28, 1976, convicting defendant of robbery in the first degree (three counts), sodomy in the first degree (two counts), sexual abuse in the first degree, assault in the second degree, and possession of a weapon (four

counts) and sentencing him to concurrent terms of a maximum of 10 to 20 years, unanimously reversed, on the law, and remanded for a new trial. The only defense raised at trial was the criminal responsibility of the defendant, which was the subject of directly conflicting testimony by two qualified psychiatrists. The subtle and technical character of this issue understandably led the Trial Judge to the view that he had a particular responsibility to ask questions in the interests of clarity. Unfortunately the cumulative impact of the trial court's participation went beyond this intended and appropriate purpose. The Trial Judge's intensive involvement in the interrogation of the defense psychiatrist during her direct examination severely limited defense counsel's capacity to develop the testimony of this key witness. Moreover, many of the questions put by the Trial Judge during the direct examination of this defense witness had the appearance of cross-examination, in marked contrast to the generally approving and supportive questions he put to the People's expert witness. Notwithstanding the trial court's repeated admonitions to the jury that his questions did not reflect any personal opinion, the jury could hardly have doubted that he in general agreed with the People's expert witness and disagreed with the defense expert. The result in our view was to impair unacceptably the defendant's right to a fair trial. (See *People v Mendes,* 3 NY2d 120; *People v Richards,* 48 AD2d 792.) Concur—Kupferman, J. P., Silverman, Fein and Sandler, JJ.