■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAREN LEVITT, Appellant.—Judgment of the County Court, Nassau County, rendered December 14, 1977, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL MINISQUERO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 15, 1975, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The defendant admitted that he stabbed the victim during a fight. This admission was made voluntarily to the police immediately after the incident. The only question for resolution by the jury was whether the stabbing was done in self-defense (see Penal Law, § 35.00 *et seq.*). The proof on this issue was contradictory and strongly contested. The defendant argues on this appeal that the conduct of the Trial Judge deprived him of a fair and impartial trial. We agree. In addition to his eyewitnesses, the defendant presented two character witnesses who testified that he had a good reputation for honesty and peaceableness. After they testified, the court engaged in extended examination of both of these witnesses in an effort to "shake" their testimony, which examination tended to communicate a disbelief of their testimony. Although a Trial Judge has considerable license in assisting with the examination of witnesses, "that prerogative must not be interpreted and utilized as a license to systematically and continuously pre-empt and displace counsel in the examination of witnesses or to indicate disbelief of the witnesses' testimony" *(People v Congilaro,* 60 AD2d 442, 456). The Trial Judge's extensive questions did not elicit new facts, expedite the trial or clarify otherwise vague or complex issues (see *People v Mendes,* 3 NY2d 120). The questions merely dwelled excessively on facts already in the record which could be unfavorable to the witnesses and the defendant. That was improper. Furthermore, numerous interchanges between the Trial Judge, defense counsel and the defense witnesses also tended to divert the jury from a fair determination of the material facts at issue (see *People v De Jesus,* 42 NY2d 519; *People v Alicea,* 37 NY2d 601). Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.