THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH STEPHENS, Also Known as STEVENS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 1, 1977, convicting him of rape in the first degree, robbery in the first degree, robbery in the third degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant's conviction arose as a result of the robbery of a supermarket on April 7, 1977 at 7:30 P.M. and a rape and robbery of a woman a short distance away at 7:50 P.M. At trial the police and the defendant presented different versions of the defendant's apprehension and arrest. Officers Coughlin and Boorman stated that one of the victims pointed to a man who was running away, as the culprit. The officers gave chase. Up ahead the suspect turned a corner and according to Officer Coughlin, who was closer to the suspect, when Coughlin reached the corner he saw a man sitting on a stoop whom he thought was the culprit. The officer stated that he approached the man and ordered him to raise both hands. When the right hand came up with a gun, the officer lunged at the gun, a struggle ensued, and the defendant was arrested and taken into custody. The defendant claimed that on the evening in question he left his aunt's house shortly after 7:30 P.M. after calling his fiancée to advise her that he was heading over to her house in order to pick her up to take her to a dinner party. Defendant testified that as he walked along the street he was called over to a police car, told that he was under arrest, and then hit on the head with the butt of a gun. The defense called defendant's fiancée who testified that on the night of April 7, 1977 defendant called her from his aunt's home and told her that he was coming over to pick her up. In our view, several errors were committed during the trial which taken together deprived defendant of a fair trial: (1) At the close of the District Attorney's cross-examination of defendant, the Trial Judge engaged in a lengthy cross-examination of defendant which did not elicit any new facts or clarify any prior testimony. Although no objection was taken by defense counsel, this undue interference by the trial court may have improperly conveyed to the jury the impression that the court did not believe the defendant's witnesses (see *People v Mendes,* 3 NY2d 120; *People v Moulton,* 43 NY2d 944); (2) On cross-examination by the District Attorney the defendant's fiancée testified that she found out on April 8, 1977 that defendant had been arrested for a robbery committed the day before at 7:30 P.M. Thereafter, the District Attorney questioned her as to why she did not come forward at that time and advise the District Attorney, the police, or defendant's counsel that defendant was on the phone with her at the time of the first crime. The prosecutor's questions in this regard constituted error since their purport

was to implant in the jurors' minds "the baseless proposition" that the corroborating defense testimony of defendant's fiancée was unworthy of belief simply because she did not divulge whatever information she possessed to law enforcement authorities or defense counsel before hand (see *People v Hamlin,* 58 AD2d 631, 632); and (3) During his direct examination defendant testified that he had been enrolled in a preparatory course for a high school equivalency examination and had been attending classes regularly, i.e., three days a week. In rebuttal, the prosecutor called the registrar of the school in which defendant was enrolled and she was allowed to testify that by April, 1977 defendant had been dropped from the rolls of the school due to his poor attendance. This witness also produced records which documented her testimony. Although no objection was made to the admission of the testimony or the records it is clear that it was error to allow the prosecutor to call this rebuttal witness to testify. It is well settled that "a cross-examiner cannot *contradict* a witness' answers concerning collateral matters by producing extrinsic evidence for the *sole purpose* of impeaching credibility" *(People v Schwartzman,* 24 NY2d 241, 245). For all of the above reasons, the judgment of conviction must be reversed and a new trial granted to defendant. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.