*998 OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be reversed and a new trial ordered.
In the course of the 15-day jury trial of these defendants, which resulted in their convictions of manslaughter in the first degree, the unwarranted, persistent intrusion by the presiding Justice in the proceedings deprived defendants of the fair trial to which they were entitled. Not only did the court ask over 1,300 questions of the witnesses, which constituted more than a third of the total number of questions propounded during the entire trial, he also usurped the authority both of the prosecutor and of defense counsel to determine the content, course and manner of their presentations. His elicitation from expert witnesses of extended elaboration of their testimony, his solicitation of objection by the prosecution to interrogation being pursued by defense counsel, and his extraction from a prosecution witness. during cross-examination of a drawing made on the witness stand on the court’s instruction and then received in evidence as an exhibit of the People, coupled with the nature and extent of questions addressed to alibi witnesses by way of cross-examination which clearly conveyed the Judge’s skepticism as to those witnesses’ credibility, compounded the unfairness that marked the judicial proceeding.
In response to the dissenter’s suggestion that the asserted errors must be placed "in the framework of the weightiness of the evidence” (p 1001), it needs only to be noted that appellant’s claim that the intrusion of the Trial Judge deprived him of his constitutional right to a fair trial is not subject to harmless error analysis (People v Crimmins, 36 NY2d 230, 238).
Because a new trial is required it is appropriate to add that no reversible error was committed in the introduction of evidence that a charge for assaulting the victim was pending against defendant Mees at the time of the homicide. This evidence went to establish motive and intent of Mees, including motive to avoid punishment for the prior crime (People v Morse, 196 NY 306, 310; Richardson Evidence [10th ed], § 171), and the court instructed the jury that it was not to consider the prior charge as indicative of guilt or innocence of that crime.