∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUT WAI TOM, Appellant.—Judgment, Supreme Court, New York County, rendered on July 26, 1976, convicting defendant, after jury trial, of murder in the second degree (Penal Law, § 125.25, subd 1), and sentencing him thereon, is affirmed. The Trial Judge's participation in the trial was certainly much more active and extensive than is customary. But in part, this was justifiable because of the language difficulty with most of the witnesses and the need for clarifying their answers. We do not think the Trial Judge exhibited partiality, nor, on balance, do we think that defendant was deprived of a fair trial or of a fair opportunity to present his defense. Concur—Birns, Fein, Bloom and Silverman, JJ.

Murphy, P. J., dissents in a memorandum as follows: The Trial Justice propounded approximately 1,300 questions, which figure represents approximately 40% of all questions asked during the trial. In view of the language difficulties experienced by certain witnesses, some participation on his part was justified in order to clarify matters for the jury. However, the Trial Justice exceeded the bounds of proper intervention in this proceeding by usurping the authority of both the prosecutor and defense counsel to determine the content, course and manner of their presentations. (*People v Mees,* 47 NY2d 997, 998; *People v Brown,* 53 AD2d 867.) Furthermore, the interruptions often tended to bolster the prosecution's case and to rehabilitate its witnesses. (*People v Richards,* 48 AD2d 792.) In this case involving close issues of alibi and identification, the defendant was denied a fair and impartial trial by the nature and extent of the Trial Justice's unwarranted intrusions (*People v Ellis,* 62 AD2d 469). For that reason, the judgment of the Supreme Court, New York County, rendered July 26, 1976, convicting defendant of murder in the second degree and sentencing him to an indeterminate sentence of 15 years to life should be reversed, on the law, and a new trial should be ordered.

∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE LANNI, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 11, 1978, convicting defendant, after a jury trial, of arson in the second degree, unanimously reversed, on the law and in the interest of justice, and a new trial ordered. Defendant contests the validity of the trial court's charge on reasonable doubt. The People must prove the guilt of the defendant beyond a reasonable doubt and a charge, as here, that the standard of proof is "to a reasonable degree of certainty," *i.e.,* a mental "state of suspension so that you are unable to say that you are convinced that there is a strong probability of the defendant's guilt" permits a lesser standard and constituted error. Further, the trial court's charge relating to the status of one Vega as an accomplice was patently ambiguous. The court stated: "I charge you as a matter of law that Adrian Vega is an accomplice of the defendant if you believe his testimony." While the motivation of the trial court in so charging emanated from a desire to protect the defendant's rights, the absence of clarifying and particularized instructions rendered the charge defective. The conjunction of these two errors in the charge, although not excepted to by defendant, impels this court in the interest of justice to direct a new trial. Concur—Murphy, P. J., Lane, Lupiano and Lynch, JJ.; Kupferman, J., concurs in result only.