■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMEEL ISKANDAR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 4, 1978, convicting him of three counts of grand larceny in the third degree, after a jury trial, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, the fourth count of the indictment is dismissed and a new trial is ordered as to counts two and three of the indictment. Defendant, the assistant superintendent of an apartment building, had authority to collect rents from the tenants. He was found guilty of having withheld from the building owners rents that he had collected from one tenant for the months of April, August and September of 1976. While there is overwhelming evidence that defendant failed to turn over the April and August

rent money, the record clearly shows that the September rent was in fact received by the apartment management, although it had been marked by defendant as payment for August rent. That count of the indictment which charges defendant with having withheld the September rent must therefore be dismissed. Despite the fact that defendant's guilt with respect to counts two (April, 1976 rent) and three (August, 1976 rent) of the indictment was overwhelmingly established, we are constrained to reverse his conviction and order a new trial with respect to said counts because he was denied a fair trial by the conduct of the Trial Judge. At trial, the defense did not deny that defendant had collected the rent payments, but maintained that the recordkeeping procedures employed by the building management failed to conclusively establish that the money had not been turned over to it. During the cross-examination of the management representative, the trial court stated to defense counsel: "It's your job to show that he received the monies which he claims he never got". This comment was highly prejudicial for it had the effect of shifting the burden upon the defense to prove defendant's innocence. Later in the trial, the court improperly conveyed to the jury its belief that defendant was guilty by referring to him as a "silent partner" of the building owner. During defendant's direct examination, in attempting to explain the existence of a check made payable to him by a building tenant, he stated that he had acted as a go-between in the sale of furniture by an outgoing tenant to an incoming tenant. When defendant acknowledged that he had made a small profit for his services, the trial court asked him if he had a license to sell used furniture because "That's the law". Even though it was subsequently established that defendant was not in the used furniture business, the trial court's comment was improper in that it implied to the jury that defendant was guilty of an uncharged crime. Defendant was again prejudiced by the trial court during its charge to the jury when it belabored the fact that defendant was an interested witness with motive to color his testimony. In addition to the foregoing specific instances of inappropriate conduct on the part of the Trial Judge, it must be noted that the trial court asked innumerable questions during the course of the trial, and thereby usurped the authority of both the prosecutor and defense counsel to determine the content, course and manner of their presentations. This unwarranted, persistent intrusion by the trial court into the proceedings further served to deprive defendant of a fair trial (see *People v Mees,* 47 NY2d 997). Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.