■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered April 22, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's pretrial motion which sought to suppress the identification testimony of the two complaining witnesses.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

Defendant was found guilty of participating, along with another individual, in a robbery of Robert Ruehs, the manager of McDonald's restaurant located in Elmhurst, Queens, on the afternoon of May 6, 1981. One assailant grabbed an attaché case and a bag containing money for deposit in a bank, which Ruehs was carrying as he left the restaurant. Ruehs relinquished the items after he was threatened at gunpoint by a second assailant, whom he identified as defendant. Jimmy Chan, an employee of the restaurant, observed the robbery of Ruehs from a distance of several feet. Ruehs and Chan jointly selected a photograph of defendant and a photograph of an individual, whom they claimed was the first assailant, from a series of photographs they viewed together at a police precinct two days after the robbery. The complaining witnesses both testified at trial and

made in-court identifications of defendant. The attorneys for the parties stipulated during the trial that the individual selected from the photographs by the complainants as representing the other assailant was incarcerated on the date of the robbery. Thus, he could not have participated in the crime.

It is apparent to us that the pretrial identification of photographs by the complaining witnesses was unduly suggestive. When groups of witnesses view photographs together, there is a substantial risk that one of the viewers could influence the identification made by the others (*see, People v Gaddy,* 98 AD2d 729; *People v Fernandez,* 82 AD2d 922; *People v Harris,* 74 AD2d 879; *People v Leite,* 52 AD2d 895). Nevertheless, the prosecutor was able to prove, by clear and convincing evidence, that the in-court identifications of defendant by the complaining witnesses were based upon their independent observations of him during the robbery (*see, People v Adams,* 53 NY2d 241, 252; *People v Ballott,* 20 NY2d 600, 606-607).

There were more significant errors. Identification was the major issue before the jury, and it was exceedingly close because of the discrepancies in the testimony of the two complaining witnesses and the general nature of the descriptions of the assailants which they provided. We conclude that, under the circumstances presented in the instant case, several of the errors committed during the trial mandate reversal in the interest of justice, despite the failure of defense counsel to preserve a number of these errors for appellate review by raising timely objections (*see,* CPL 470.05 [2]; *People v Orse,* 91 AD2d 1003). First, there was a complete failure to charge the jury on the identification issue. Since the prosecution relied exclusively upon conflicting identification testimony and the defendant presented an alibi defense, the trial court should have advised the jury, at the very least, that the People had the burden to establish the accuracy and reliability of the identification of defendant beyond a reasonable doubt (*see, People v Whalen,* 59 NY2d 273, 278-279; *cf. People v Smith,* 100 AD2d 857, 858, *lv denied* 62 NY2d 810).

Additionally, the trial court intervened extensively in the examination of defendant and the two complaining witnesses. Although the court's involvement often assisted the jury by clarifying perplexing aspects of the testimony, his examination of the complaining witnesses may have improperly conveyed to the jury his personal belief in their credibility and the reliability of their identification of defendant (*see, People v Mees,* 47 NY2d 997; *People v Mendes,* 3 NY2d 120, 121-122; *People v Minisquero,* 67 AD2d 668; *People v Kelly,* 65 AD2d 686). The prosecutor improperly attempted to undermine defendant's credibility

by eliciting from him on cross-examination the fact that he had hit a woman with a baseball bat, and referring to that incident in summation when he asked the jury, rhetorically, whether it could believe a man who had hit a woman with a baseball bat. The prejudicial impact of the prosecutor's reference to this incident, which portrayed defendant as an individual with a violent character, outweighed any legitimate probative value it had for impeaching defendant's credibility (see, People v Sandoval, 34 NY2d 371, 376). The cumulative impact of the above errors cannot be considered to be harmless in the context of a case in which the defendant's conviction was based upon problematic identification testimony (see, People v Crimmins, 36 NY2d 230, 242). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.