■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FRANK PETERSON, Appellant.—Judgment, Supreme Court, New York County (Burton B. Roberts, J.), rendered June 9, 1980, which convicted defendant of two counts each of rape in the first degree, sodomy in the first degree, and robbery in the first degree, affirmed.

We affirm in view of the overwhelming proof of the defendant's guilt. He committed rape, robbery and sodomy of two women on different days and at different places. The testimony graphically demonstrated the wantonness of the crimes. The 12½- to 25-year sentences were appropriate.

We must note, however, the inappropriateness of Criminal Term's unwarranted and excessive intrusion into the conduct of the trial. There is no need to set forth examples or details. As the Court of Appeals stated in *People v Yut Wai Tom* (53 NY2d 44, 57): "A Trial Judge's examination of witnesses carries with it so many risks of unfairness that it should be a rare instance when the court rather than counsel examines a witness. For example, where the court elicits crucial incriminating testimony on direct examination, the witness may be less likely to change his testimony on cross-examination. There is an increased risk that the Trial Judge will inadvertently convey to the jury his disbelief of a witness, not only by his reaction to answers, but by his phrasing of questions and tone of voice. Apart from these risks there is a substantial danger that the court's participation in the trial will result in an unfair tactical advantage to a party."

Had the proof of guilt not been established by such overwhelming evidence as was here presented, the result of our review might well be different. Concur—Fein, Milonas and Rosenberger, JJ.

Asch, J., concurs in the result only.

Kupferman, J. P., concurs in the following memorandum: I would merely affirm.