■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BADLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 29, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

There is nothing in the record to indicate that the trial court failed to balance the probative value of permitting the defendant to be cross-examined concerning a prior manslaughter conviction if he chose to take the stand in his own defense against its prejudicial effect *(see, People v Sandoval,* 34 NY2d 371; *People v Schwartzman,* 24 NY2d 241). Accordingly, its ruling will not be disturbed *(see, People v Williams,* 56 NY2d 236; *People v Rahman,* 46 NY2d 882).

The defendant's contention that the trial court erred in admitting into evidence the gun allegedly used during the instant robbery which was recovered from him upon his arrest on an unrelated charge is without merit. The weapon was pertinent to an element of the robbery charge *(see,* Penal Law § 160.15 [4]) and was sufficiently probative of the instant crime to be admissible *(see, People v Allweiss,* 48 NY2d 40; *People v Condon,* 26 NY2d 139; *People v Molineux,* 168 NY 264).

Further, the identification procedures utilized by the police were proper. Although victims of other crimes in which the defendant was a suspect shared experiences with the complainant herein, the record is clear that the victim in the instant case viewed the photo arrays and lineups independently and did not rely on her consultations with others to form a mental picture of her assailant *(see, People v Cummings,* 109 AD2d 748; *People v Jones,* 108 AD2d 824). Moreover, the lineup was not improper and the defendant was not deprived of his right to counsel *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Robertson,* 109 AD2d 806). Additionally, there was clearly an independent basis for the complainant's in-court identification of the defendant since she had ample opportunity to observe and speak with him both before and during the robbery *(see, e.g., People v Adams,* 53 NY2d 241; *People v Russo,* 109 AD2d 855).

Under the circumstances, the People presented ample evidence to satisfy their burden of proving the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Joyiens,* 39 NY2d 197). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.