Frank C. PETERSON (80–A–1720), Petitioner–Appellant,

v.

Charles SCULLY, Superintendent of Greenhaven Correctional Facility, et al., Respondents–Appellees.

No. 440, Docket 89–2202.

United States Court of Appeals, Second Circuit.

Argued Nov. 17, 1989.

Decided Feb. 7, 1990.

Jonathan C. Scott, St. James, N.Y., for petitioner-appellant.

Howard L. Perzan, Asst. Dist. Atty., New York County, New York City (Robert M. Morgenthau, Dist. Atty. for New York County, Marc Frazier Scholl, Asst. Dist. Atty., New York County, New York City, of counsel), for respondents-appellees.

Before FEINBERG and MESKILL, Circuit Judges, and COFFRIN,* District Judge.

MESKILL, Circuit Judge:

In this appeal petitioner Frank Peterson contends that the district court should have granted his petition for a writ of habeas corpus because the conduct of the judge who presided over his state trial on charges of rape, sodomy and robbery deprived him of his constitutional right to a fair trial. He appeals from a judgment entered in the United States District Court for the Southern District of New York, Haight, J., deny-

ing his petition without reaching the merits of his claim. The district court reasoned that the state appellate court had refused to review the merits of Peterson's claim, and that this refusal precluded consideration of the merits on federal habeas review. *See Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

After the district court's judgment was entered, the United States Supreme Court announced a new rule dictating the manner in which federal courts engaging in habeas corpus review are to construe the opinions of state courts. *See Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Because this new rule requires us to conclude that the state appellate court did reach the merits of Peterson's claim, we vacate the district court's judgment and remand for consideration of the merits.

## BACKGROUND

Petitioner Frank Peterson was convicted in 1980 after a jury trial in New York Supreme Court of raping, sodomizing and robbing two victims. Throughout the trial the presiding judge, Justice Burton Roberts, extensively questioned both defense and prosecution witnesses. Peterson appealed his convictions to the Supreme Court, Appellate Division, claiming that Justice Roberts' conduct had deprived him of his constitutional right to a fair trial. The Appellate Division affirmed the convictions in a memorandum opinion. *See People v. Peterson*, 116 A.D.2d 461, 497 N.Y. S.2d 867 (1st Dep't 1986). Judge Titone of the New York Court of Appeals denied leave to appeal. *See* 67 N.Y.2d 948, 494 N.E.2d 127, 502 N.Y.S.2d 1042 (1986).

Peterson then sought a writ of habeas corpus in the Southern District of New York. Judge Haight referred the matter to Magistrate Joel Tyler, who recommended that the petition be denied as procedurally barred. The magistrate found that Peterson's counsel had failed to object

---

* Honorable Albert W. Coffrin, United States District Judge for the District of Vermont, sitting by designation.

at trial to the propriety of Justice Roberts' conduct, as required under New York procedure, and reasoned that the Appellate Division had accordingly refused to reach the merits of Peterson's claim on direct appeal. The magistrate concluded that a federal court therefore could not consider the merits in a habeas corpus proceeding. The district court adopted the magistrate's recommendation and dismissed Peterson's petition without reaching the merits of his claim. Peterson's application for a certificate of probable cause pursuant to Fed.R. App. P. 22(b) was granted on May 10, 1989.

## DISCUSSION

■ The rules applicable to federal habeas review of a state court conviction are well established. New York has adopted the rule that the right to appellate review of a trial error is waived unless an objection is registered contemporaneously with the error's occurrence. *See* N.Y.Crim. Proc.L. § 470.05(2) (McKinney Supp.1990); *see, e.g., People v. Robinson,* 36 N.Y.2d 224, 228, 326 N.E.2d 784, 786, 367 N.Y.S.2d 208, 211 (1975); *People v. Mosley,* 67 N.Y.2d 985, 987, 494 N.E.2d 98, 98, 502 N.Y.S.2d 993, 994 (1986). If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with such a "contemporaneous objection" rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review. *Wainwright,* 433 U.S. at 86–87, 97 S.Ct. at 2506–07. The question presented in this appeal is whether the Appellate Division reached the merits of Peterson's claim that he was denied a fair trial.

The Appellate Division stated in its short memorandum opinion that Peterson's convictions were affirmed "in view of the overwhelming proof of the defendant's guilt."

The court then went on to admonish Justice Roberts for his intrusion into the conduct of the trial, stating that "[h]ad the proof of guilt not been established by such overwhelming evidence as was here presented, the result of our review might well be different." Two of the five judges hearing the appeal concurred only in the result.

■ At first blush, it appears that the Appellate Division reached the merits of Peterson's claim and affirmed on harmless error grounds. The state objects to such a construction, however, because New York law clearly provides that a claim that the trial judge's intrusions deprived a criminal defendant of a fair trial is not subject to harmless error analysis. *See People v. Mees,* 47 N.Y.2d 997, 998, 394 N.E.2d 283, 284, 420 N.Y.S.2d 214, 215 (1979). Thus, the state argues, to hold that the Appellate Division reached the merits would amount to a declaration that the court was unaware of this rule and committed an error of elementary state law.

■ Our review of the Appellate Division's decision is made easier by the Supreme Court's recent pronouncement in *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), which was decided subsequent to the district court's entry of judgment in this case. In *Harris,* the Supreme Court stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case ' "clearly and expressly" ' states that its judgment rests on a state procedural bar." *Id.* 109 S.Ct. at 1043 (citations omitted). The Appellate Division's opinion makes no mention of a procedural bar. Therefore, we must conclude that the Appellate Division reached the merits. Accordingly, a federal court may review the merits of Peterson's habeas petition.[1]

---

**1.** In their briefs the parties address at length the preliminary question whether the necessity of an objection to Justice Roberts' conduct was established at the time of trial. The answer to this question is unclear, given that the New York Court of Appeals did not expressly apply the contemporaneous objection requirement to a claim of judicial intrusion until the year after

Peterson's trial. *See People v. Charleston,* 56 N.Y.2d 886, 438 N.E.2d 1114, 453 N.Y.S.2d 399 (1982). We need not reach this issue in light of our holding that the Supreme Court's decision in *Harris v. Reed* dictates that the merits of Peterson's claim be reached. In other words, even assuming the requirement of an objection was established, and that Peterson failed to ob-

The state argues that the rule in *Harris* should not apply in this case because new constitutional rules of procedure generally apply only to cases on direct appeal at the time of the new decision, not to cases on collateral review. *See, e.g., Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987); *United States v. Johnson,* 457 U.S. 537, 549, 562, 102 S.Ct. 2579, 2586–87, 2593–94, 73 L.Ed.2d 202 (1982). The state concedes that the rule announced in *Harris* is not constitutionally mandated, but contends that when a nonconstitutional rule is involved, the principles of finality of judgments and federalism make an even stronger case for not applying the new rule retroactively. We disagree. Our research has disclosed no case addressing the question of retroactivity of the *Harris* rule. To the contrary, the cases uniformly assume that *Harris* applies to state court judgments rendered prior to the Supreme Court's decision. *See, e.g., Anselmo v. Sumner,* 882 F.2d 431, 432–33 (9th Cir.1989); *Fierro v. Lynaugh,* 879 F.2d 1276, 1281 (5th Cir. 1989); *Lopez v. Scully,* 716 F.Supp. 736, 738–39 (E.D.N.Y.1989). The reason for this assumption, we believe, is that, even though *Harris* changes the law in this Circuit, *see Martinez v. Harris,* 675 F.2d 51, 53–55 (2d Cir.) (presumption is that state appellate court affirmed conviction on procedural grounds when prosecution argued procedural bar and state court affirmed without opinion), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), it does not establish a new rule of constitutionally required procedure. *Harris* simply instructs the federal courts on how to interpret ambiguity or silence in state court opinions in habeas corpus cases. Accordingly, we must adhere to the *Harris* rule in reviewing all habeas petitions that come to us after that decision.

## CONCLUSION

The opinion of the New York Supreme Court, Appellate Division, does not clearly

and expressly state that review of Peterson's appeal was barred on procedural grounds. A federal court therefore may reach the merits of his constitutional claim in a habeas corpus proceeding. Because the district court has not had an opportunity to assess the merits of Peterson's claim, we remand to the district court for consideration of the merits of the petition. We vacate the judgment of the district court dismissing Peterson's petition and remand for further proceedings.

---

ject, we must presume that the Appellate Division reached the merits, thereby waiving any procedural default that may have occurred. *See Rosenfeld v. Dunham,* 820 F.2d 52, 54 (2d Cir.)

(federal court must consider merits if state court excuses procedural default), *cert. denied,* 484 U.S. 968, 108 S.Ct. 463, 98 L.Ed.2d 402 (1987).