■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE DU BOULAY, Appellant.—

On July 2, 1984, the defendant in this case, Correction Officer Antoine Du Boulay, and the victim, a prison inmate, had a dispute on the ninth floor of the Brooklyn House of Detention. The argument ended when the defendant punched the victim in the jaw, knocking him to the floor. While the victim lay on the floor unconscious, it is alleged that the defendant kicked him at least twice in the abdomen. The victim suffered a ruptured pancreas, necessitating immediate surgery.

The defendant was charged with three counts of assault in the second degree. He was tried before a jury and convicted of one count of assault in the second degree based on reckless conduct.

The defendant moved to set aside the verdict on the ground that the trial court had unduly injected itself into the trial by conducting an extensive and unnecessary examination of two defense witnesses. By order entered June 18, 1986, the trial court granted the defendant's motion and set aside the verdict. Upon the People's appeal, this court reinstated the jury verdict, ruling that the trial court was without power to set aside the verdict under CPL 330.30 (1). That statute authorizes a trial court to set aside a verdict only when an error at trial would require a reversal on appeal as a matter of law, and no such error had been preserved by the defendant, as he had not objected to the trial court's allegedly improper questioning of his witnesses at trial (see, People v Du Boulay, 140 AD2d 707). Upon remittitur, the trial court imposed a sentence of one day in jail to run concurrently with and as a condition of a five-year term of probation.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt of reckless assault in the second degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). The prosecution presented the testimony of the victim, three eyewitnesses to the assault, and the surgeon who operated on the victim. The surgeon corroborated the eyewitnesses' account of the way in which the victim's injury was caused—all of which, taken together, amply established the defendant's guilt (see, Penal Law § 120.05 [4]; People v Ford, 66 NY2d 428; People v Brown, 124 AD2d 667).

We also conclude that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490). It is well established that issues of credibility, and the weight to be accorded to the evidence, are primarily to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). The jury's determination in the instant case was fully supported by the record; the weight of the evidence overwhelmingly supports the jury's finding that the victim's pancreas was ruptured by a kick from the defendant's foot rather than by a fall upon his own uninjured fist.

While the trial court questioned two of the defendant's witnesses, we find that the questioning was limited in both scope and length, served largely to clarify the testimony, did not impeach the witnesses, did not pursue new areas of inquiry, and served to assist the defense as often as it did the prosecution *(see, People v Robinson,* 137 AD2d 564; *People v Hernandez,* 137 AD2d 560). The trial court further cured any possible prejudice by admonishing the jury during its charge that none of its remarks or rulings should be construed as indicating that it had any opinion about the case *(see, United States v Pellegrino,* 470 F2d 1205, *cert denied* 411 US 918). In any event, where, as here, the evidence of the defendant's guilt was overwhelming, there was no significant probability or even reasonable possibility that the trial court's limited questioning of two of the defendant's witnesses influenced the jury's verdict *(see, People v Mendes,* 3 NY2d 120; *People v Minisquero,* 67 AD2d 668; *People v Congilaro,* 60 AD2d 442; *People v Robinson,* 53 AD2d 898; *People v Richburg,* 47 AD2d 909). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.