■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HOLMES, Appellant. [626 NYS2d 154] —Judgment of the Supreme Court, New York County (Antonio Brandveen, J.), rendered March 4, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously reversed, on the law, facts and as a matter of discretion in the interest of justice,

and the matter remanded for a new trial. Appeal from the order of the same court and Justice, entered on or about July 29, 1994, which denied defendant's motion pursuant to CPL article 440 to vacate the above-mentioned judgment of conviction, is dismissed, as academic.

The undercover officer, Ismael Ruiz, first encountered and nodded to codefendant Flowers, who asked what the undercover was looking for. The undercover asked for four vials of crack, gave Flowers $20 prerecorded buy money, and followed Flowers until they met defendant. When Flowers told defendant the undercover wanted four vials, defendant asked if Flowers knew the undercover, and Flowers replied that she had seen him before. Next, they all went to see codefendant Farrison, who, in turn, brought over codefendant Rivera, who engaged defendant in conversation about crack and took the buy money from defendant in return for four crack vials. Defendant, in turn, gave three of these four vials to Flowers, who gave them to the undercover, and when the undercover protested that he was supposed to get four vials for his $20, defendant said the price was three for $20.

The undercover took his three vials and left. The undercover testified that sometimes a participant in a drug transaction keeps something as a "tip", but that no one said anything about "tipping" in this transaction. The whole incident took about 10 to 15 minutes. Defendant was wearing a white T-shirt, black pants, and white sneakers, and the undercover dubbed him "JD White" and radioed a description of him and the other participants to the backup.

A few minutes later the backup went to the location of the buy and found all four participants together, all of whom met the clothing descriptions radioed by the undercover. The backup found half the buy money on Flowers and half on Rivera, but nothing (including the fourth crack vial defendant is alleged to have retained) on defendant.

The undercover made a drive-by identification of all the participants. Meanwhile, the "ghost", Detective Samuel Robinson, observed the transaction and arrest, although he gave a slightly different version of who handed what to whom, and when. Detectives Ruiz and Robinson made in-court identifications of defendant.

We find that the jury was not properly instructed by the court as to the evaluation of testimony. Thus, they were virtually given a command that inconsistencies in the testimony should be disregarded. The court charged the jury: "It is

your responsibility, indeed your duty, ladies and gentlemen, to reconcile any inconsistencies in the evidence", and simply went on to the next subject. The court completely omitted the standard qualifying phrase given with this instruction, "if you are honestly able to do so". It also omitted the rest of the usual language about finding conflicting testimony that cannot be reconciled, and therefore disregarding the portion the jury deems false, exaggerated, or mistaken and accepting the portion deemed true.

The charge was erroneous, because it, in effect, told the jury to disregard inconsistencies *(People v Richards,* 48 AD2d 792). This was disturbing because defendant's counsel sought to elicit and did elicit some discrepancies among the police witnesses. We recognize that this error in the charge was not preserved as a matter of law, but we choose to reach it in the interest of justice, since we find that the error deprived defendant of a fair trial under all the circumstances present herein *(see,* CPL 470.15 [6] [a]).

We have examined the remaining contentions of defendant and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Kupferman, Nardelli and Mazzarelli, JJ.