**David SILVERMAN, Petitioner–Appellant,**

v.

**Ernest EDWARDS, Respondent–Appellee.**

No. 02–2148.

United States Court of Appeals, Second Circuit.

July 7, 2003.

**490**

Vida Alvy, Alvy & Jacobson, New York, NY, for Petitioner–Appellant.

Emil Bricker, Assistant District Attorney (John M. Castellano, Assistant District Attorney) for Richard A. Brown, District Attorney, Queens County, NY, for Respondent–Appellee.

Present: B.D. PARKER, RAGGI, Circuit Judges, and SWAIN,* District Judge.

## SUMMARY ORDER

Petitioner-appellant David Silverman appeals from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge* ), denying his petition for habeas corpus seeking relief from his New York State conviction for assault in the first degree, in violation of New York Penal Law § 120.10(1). *See* 28 U.S.C. § 2254. We issued a certificate of appealability on the issue of whether Silverman's due process right to a fair trial was violated when the trial court failed to instruct the jury that the first-degree-assault charge was limited to the use of a firearm.

The indictment alleged that Silverman had caused Gerard Marrone a serious physical injury with a firearm that was a dangerous instrument. The trial court's instructions provided the following definition of "dangerous instrument": "According to the law, a danger[ous] instrument is any instrument, article or substance including a vehicle which under the circumstances in which it is used or attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."[1]  (Tr. at 1251–52.) Since Silverman had allegedly run over Marrone's hand as he drove away from the scene of the shooting, defense counsel expressed his concern to the trial court that the jury might convict Silverman for an uncharged assault.  Accordingly, after the jury instructions were read but before the jury was excused, defense counsel requested the following: "I would ask the Court just to remind the jury that the assault charge is not for running over Gerard Marrone's hand. I know you read it [*sic* ] about the shooting but there might be some confusion." (Tr. at 1261.) The court declined to provide further clarification. Following Silverman's conviction, on direct appeal, the Appellate Division, Second Department, concluded that he had waived his right to appeal on this issue because "[n]o objection was made at the time the evidence was introduced, and no request for an instruction regarding uncharged crime evidence was ever made," *People v. Silverman*, 239 A.D.2d 445, 658 N.Y.S.2d 886 (2d Dep't), *lv. denied*, 90 N.Y.2d 863, 661 N.Y.S.2d 190, 683 N.E.2d 1064 (1997).

The New York Court of Appeals has explained that the contemporaneous-objection rule "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the

---

* The Honorable Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

1.  New York Penal Law § 10.00(13) defines "dangerous instrument" as "any instrument, article or substance, including a vehicle as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."

opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon,* 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735, 647 N.E.2d 1243 (1995). Moreover, "a question of law will be considered preserved for appellate review when it is interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the opposing party of the nature and scope of the matter contested." *People v. Jones,* 81 A.D.2d 22, 440 N.Y.S.2d 248, 261 (2d Dep't 1981).

■ Although a federal court "generally may not consider the merits of the constitutional claim on habeas corpus review" when "a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with ... a 'contemporaneous objection' rule," *Peterson v. Scully,* 896 F.2d 661, 663 (2d Cir.1990), a federal court may review the merits of such a claim when the state court "unevenly" applies its contemporaneous-objection rule, *Williams v. Lane,* 826 F.2d 654, 659 (7th Cir.1987) (disregarding purported procedural default in state court, premised on counsel's failure to make a contemporaneous objection, where record revealed that trial counsel had, in fact, made the necessary objection); *see also Cotto v. Herbert,* 331 F.3d 217, 2003 WL 1989700, at *15 (2d Cir. May 1, 2003) (stating that "the adequacy of a state procedural bar is determined with reference to the 'particular application' of the rule") (quoting *Lee v. Kemna,* 534 U.S. 362, 387, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002)). Here, the Appellate Division unevenly applied its contemporaneous-objection rule because, under New York law, defense counsel's request at trial was sufficient to preserve the issue of whether the jury instructions violated Silverman's due process right to notice of the charges for which he could have been convicted. Consequently, we are not barred from reviewing Silverman's claim. Moreover, because the Appellate Division, after finding Silverman's claim procedurally barred, did not adjudicate the claim on the merits, we are not obligated to defer to that conclusion. *See* 28 U.S.C. § 2254(d).

■ Turning to the merits of Silverman's claim, we observe that the trial court's instructions on first-degree assault specifically tracked the statutory language of the offense. Moreover, on three separate occasions the court instructed the jury that Silverman was being charged with having "shot" Marrone and twice informed the jury that it would have to find "that the defendant caused the serious physical injury by means of a firearm." (Tr. at 1251–52.) When viewed as a whole, *see Smalls v. Batista,* 191 F.3d 272, 277 (2d Cir.1999), the jury instructions made clear that Silverman was being charged with shooting Marrone instead of running over his hand. As such, the instructions did not violate Silverman's due process right to a fair trial.

We have considered Silverman's and the appellee's other contentions and find them to be without merit. Accordingly, we AFFIRM the denial of Silverman's petition for a writ of habeas corpus.