■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEFFERINO LEITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 15, 1973, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. This appeal also brings up for review a decision of the same court, made October 23, 1973, which denied, after a hearing, defendant's motion to suppress a photographic identification made by three prosecution witnesses. Judgment reversed, on the law and the facts, motion to suppress the photographic identification granted; defendant's plea of guilty vacated; and case remanded to Criminal Term for further proceedings not inconsistent herewith. The record reveals that the *Wade* hearing was held some 14 months after the robbery of a supermarket, in which defendant was allegedly one of the participants. Testimony was adduced at the hearing that three victims of the crime were called to the police station the day after the occurrence, and were asked to view some 600 to 1,000 mug shots. After they viewed about 90% of the photographs together, the three "simultaneously" pointed to a mug shot of the defendant, and declared in unison: "This is the man", or words to that effect. According to the Criminal Term, the People's three prospective witnesses also saw defendant in the courtroom at the *Wade* hearing. However, they informed the prosecutor that they could not identify him as the person they had accused of the crime, ostensibly because his physical appearance had changed during the 14-month interim. Shortly after Criminal Term denied his motion to suppress the identification, defendant, who had been charged with robbery in the first degree, offered to withdraw his not guilty plea, and interpose a plea of guilty to attempted robbery in the third degree. Although he still denied having committed the crime, he offered the plea to attempted robbery because of his fear that, if convicted after trial of the more serious crime of robbery in the first degree, he would probably receive a much more severe sentence than the one which would be imposed after the taking of a plea to a lesser included charge. Based upon such understanding, Criminal Term accepted his plea to the charge of attempted robbery in the third degree. On appeal, the defendant argues that the photographic identification procedure was impermissibly suggestive and that, under the circumstances herein, Criminal Term erred in accepting his plea of guilty after being informed that he still denied having been a participant in the holdup of the supermarket. We are constrained to agree with both of defendant's assertions. In our opinion, having the three victims examine the mug shots together was fraught with danger. The possibility, and even the likelihood, that an identification by one of the viewers would influence or cause an identification by the others was patent. Although our attention has not been directed to any cases which are directly in point, we take note of decisions in which photographic identifications have been deemed to be nonsuggestive because, *inter alia,* the witnesses viewed and identified the photographs independently (see *Simmons v United States,* 390 US 377, 382–386; *People v Butler,* 35 AD2d 771). We also believe that Criminal Term erred in accepting the plea of guilty in

view of the fact that the complaining witnesses admitted they could not make an in-court identification of the defendant, together with the fact that defendant continued to protest his innocence. A guilty plea should not be accepted without further inquiry if the defendant claims innocence or denies knowledge of the crime *(People v Serrano,* 15 NY2d 304). A plea of guilty may be taken when a defendant makes a contrasting claim of innocence, provided the plea is predicated on the existence of evidence which substantially negates the claim of innocence *(North Carolina v Alford,* 400 US 25). In the instant case no inquiry was made by Criminal Term as to the existence of any evidence which would tend to support the plea. Furthermore, since the purported simultaneous photographic identification was highly suspect, and as the eye-witnesses were unable to make an in-court identification of defendant, there was a dearth of evidence in the record connecting him with the holdup of the supermarket. Latham, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur. [78 Misc 2d 296.]