## (September 10, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT DE CONGILIO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 13, 1978, convicting him of forgery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of forgery in the second degree and the sentence imposed thereon, and said count is dismissed. As so modified, judgment affirmed. At the *Wade* hearing, only the two police officers involved in defendant's arrest testified. Their testimony revealed that shortly after the incident giving rise to the forgery charge, the sole eyewitness to the forgery identified the defendant as one of the perpetrators. Within an hour, the eyewitness made a second identification of the defendant, viewing him through a one-way mirror at the police precinct. The record supports the trial court's conclusion that the People failed to come forward with sufficient evidence to demonstrate the lawfulness of the

precinct showup (see *United States ex rel. Cummings v Zelker,* 455 F2d 714). The court erred, however, in permitting the eyewitness to identify the defendant in the courtroom at trial. Since the eyewitness had not testified at the *Wade* hearing, there was no basis for the court to conclude that her identification would be based upon an independent source and not her recollection of the defendant at the unlawful confrontation (see *People v Rahming,* 26 NY2d 411; *People v Ballott,* 20 NY2d 600). The evidence adduced at trial cannot be used to buttress the deficiencies of the People's proof at the *Wade* hearing (see *People v Brockett,* 64 AD2d 612; CPL 710.40, subd 3). Insofar as the identification of the defendant by the eyewitness was the only evidence linking him to the forgery, the conviction under the forgery count must be reversed, and the count dismissed. Defendant's conviction on the second count of the indictment, charging criminal possession of stolen property in the second degree, rested upon other, untainted evidence, and that conviction should be affirmed. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.