■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES FERNANDEZ, Also Known as MOISES FERNANDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered January 31, 1980, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress identification testimony. Judgment reversed, on the law and as a matter of discretion in the interest of justice, defendant's motion granted to the extent that the pretrial identification of the defendant is suppressed, and new trial ordered. Prior to the new trial, a *Wade* hearing shall be conducted with respect to the admissibility of Lydia Duran's in-court identification of the defendant. On April 2, 1978 three men gained admittance to the complainants' home by way of a ruse, and robbed them at gun point. The next day the police permitted complainant, Lydia Duran, her two children and a fourth eyewitness to view photographs together, and together they selected the photographs of three individuals whom they agreed were the perpetrators of the instant crime. Eighteen days later Lydia Duran identified the defendant in a one-on-one showup at the local precinct. The defendant was subsequently indicted. He then moved, in advance of trial, *inter alia,* to suppress the potential identification testimony. At the hearing on this motion, the prosecutor asked for a one-week adjournment in order to enable him to produce complainant Lydia Duran (who was out of the country at the time), but this application was denied. The court proceeded and, after hearing the testimony of the other complainants and the arresting officer, found that "the two witnesses who testified * * * had ample time * * * to view the individuals who had perpetrated this crime * * * [and] [t]here was nothing that was testified to by the witnesses called * * * which in any way showed that any of the rights of the defendant * * * were violated at all". Accordingly, the defendant's motion to suppress the identification testimony was denied. A trial ensued. At the trial Lydia Duran identified the defendant, but the trial court directed the prosecutor to refrain from

questioning her about her identification at the precinct. Nevertheless, the arresting officer was permitted to testify that there had been a pretrial corporeal identification of the defendant by Ms. Duran and, further, that she had identified the defendant's voice on that occasion as the voice of one of the perpetrators. In summation, the prosecutor referred to and relied upon this testimony by the arresting officer in arguing his case. Contrary to the conclusion of the hearing court, we conclude that the defendant's rights were violated by the suggestive nature of the pretrial identification procedures employed. In light of the fact that the four eyewitnesses were permitted to examine the photographs together, there exists a substantial likelihood that an identification by one or more of the viewers influenced or caused the identification by the others (see *People v Harris*, 74 AD2d 879; *People v Leite*, 52 AD2d 895). Moreover, the one-on-one showup conducted 18 days after the crime was unwarranted and highly suggestive. Therefore, the testimony concerning Lydia Duran's corporeal identification should have been suppressed (see *People v De Congilio*, 71 AD2d 990; cf. *People v Smith*, 38 NY2d 882; *People v Blake*, 35 NY2d 331; *People v Logan*, 25 NY2d 184). The erroneous ruling that the pretrial identification procedures did not violate the defendant's rights, coupled with the denial of the prosecutor's application for an adjournment of the *Wade* hearing, further operated to prevent the prosecutor from establishing an independent and reliable basis for Ms. Duran's in-court identification of the defendant. Accordingly, there must be an additional hearing in order to permit the prosecutor to adduce the necessary proof (see *People v Havelka*, 45 NY2d 636; cf. *People v De Congilio, supra*). Although not argued, we take this opportunity to note another reason why the officer's testimony regarding Lydia Duran's out-of-court identification of the defendant was improperly admitted. This testimony clearly violated the rule announced in *People v Trowbridge* (305 NY 471; cf. CPL 60.30), and constituted inadmissible hearsay (see *People v Trowbridge, supra*, p 475; *People v Jung Hing*, 212 NY 393, 401). To compound these errors, the prosecutor, in summation, improperly attacked the testimony of defendant's alibi witnesses as "worthless" and "an insult to your intelligence" (see *People v Schaaff*, 71 AD2d 630); argued, without a basis in the evidence, that one of those witnesses, defendant's mother, "conveniently doesn't remember threatening the complainants in this case"; and further inflamed the jury when he argued in effect, that while no one had been killed during the robbery, there was only God to thank. In addition, the trial court committed error when it instructed the jury: "Evidence with relation to an alibi should be most carefully scrutinized if the defendant's guilt is not established beyond a reasonable doubt. By reason of the truth of an alibi you must acquit him. The defendant Fernandez is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of that alibi" (see *People v Lee*, 80 AD2d 905; *People v Griswold*, 72 AD2d 778). The cumulative effect of these additional errors also operated to deprive the defendant of his right to a fair trial. Mollen, P.J., Damiani, Gulotta and Cohalan, JJ., concur.