■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MOSLEY, Appellant. — Levine, J.

On November 29, 1981 at about 9:30 P.M., Agnes F. Frost was dropped off in front of her apartment building in the City of Troy by her friend, Jean Heid. Heid was standing next to the driver's side of the car speaking to Frost, who was standing on the passenger's side, when a black man came up to Frost and asked

her for directions. She conversed with him for 10 to 15 seconds before he grabbed her bag, thereby knocking her to the ground, and fled. Both women testified that they had been able to observe the man clearly and at close proximity (Frost at a distance of one foot and Heid from about seven feet) under the parking lot flood lights.

At the police station later that evening, a photo array was shown to both women at the same time. Neither was able to make a positive identification. However, after leaving the station, they discussed the photos and agreed that defendant, whose picture had appeared in the array, was the man who grabbed Frost's bag. Each woman was subjected to a separate photo array two and three days later, respectively, at which time they both unequivocally identified defendant as the perpetrator.

Following a *Wade* hearing, County Court denied defendant's motion to suppress the women's in-court identification testimony. Accordingly, both women identified defendant at trial as the man who robbed Frost. It should be noted that no mention was made at trial of the photo array. Defendant was subsequently found guilty of second degree robbery.

On this appeal, defendant's sole contention is that County Court improperly denied his motion to suppress the in-court identification testimony. He argues that the out-of-court photographic identification procedure, allowing the women to see the photo array at the same time, was so inherently suggestive as to taint their subsequent in-court identification and deny him the right to a fair trial.

Initially, we note that the practice of eliciting photo identifications from more than one witness at a time has been condemned as unduly suggestive (*People v Fernandez,* 82 AD2d 922, 923; *People v Harris,* 74 AD2d 879; *People v Leite,* 52 AD2d 895). While we cannot condone this practice, it cannot be said that this procedure alone constitutes reversible error on the facts presented by the instant case. It is well established that when a witness's in-court identification has an independent origin, untainted by police procedures, it is properly admitted (*People v Chamberlain,* 96 AD2d 959, 960; *People v Haynes,* 88 AD2d 1070; *People v Van Buren,* 87 AD2d 900). Here, the People demonstrated by clear and convincing evidence that both the victim and the witness had an ample opportunity to observe the perpetrator during the commission of the crime. Both women saw him in a well-lighted area from a distance of one and seven feet, respectively, for a period of 10 to 15 seconds. Accordingly, there was sufficient evidence to support County Court's determination admitting the identification testimony on the ground

that it had an independent basis (*People v Chamberlain, supra,* p 960).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.