OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed (103 AD2d 1021).
 

 CPL 300.10 (2) provides that upon a request of a defendant who does not testify in his own behalf, "but not otherwise”, the court must instruct the jury that no unfavorable inference may be drawn against the defendant because of his failure to testify. This rule prohibiting a "no inference” charge absent the defendant’s request applies to instructions given during the voir dire
 
 (see, People v Boyd,
 
 53 NY2d 912,
 
 affg
 
 74 AD2d 647). Thus, defense
 
 counsel’s
 
 questioning of prospective jurors concerning their reaction if defendant chooses not to testify provides no basis for discussion of the rule by the court
 
 (cf. People v McLucas,
 
 15 NY2d 167, 171;
 
 People v Fitzgerald,
 
 156
 
 *991
 
 NY 253, 266). Should a venireman comment on the possible failure of the defendant to testify, the court need only instruct that the juror is bound by the law, which the court will state at the appropriate time, and inquire whether the juror can accept and apply the legal instructions as given. If the juror cannot follow the court’s instructions, then the court should excuse that juror for cause. Any further or more specific discussion of the "no inference” rule during voir dire is proper only if requested or consented to by defense counsel.
 

 Notwithstanding the above, the court’s unrequested remarks during voir dire about defendant’s possible failure to testify in this case do not call for reversal. Unlike a denial of a request for a "no inference” charge, which is immune to harmless error analysis
 
 (see, People v Britt,
 
 43 NY2d 111), giving the charge without request is subject to such analysis
 
 (see, People v Vereen,
 
 45 NY2d 856). Because we conclude the court’s remarks were harmless in this case, there should be an affirmance.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Order affirmed in a memorandum.