■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORBITO FILPO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Miller, J.), rendered October 6, 1981, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

One witness observed the defendant standing in the rear of a truck firing a hand gun. A second witness observed the defendant at the same location. When this witness saw the defendant leaving the truck and coming toward him, he fled and hid in a building. From the building he observed the defendant, gun in hand, view the area and then return to an area close to the truck. The police later searched the truck and found a gun in close proximity to the area where the defendant had been seen standing on the truck. No other person had been on the truck with the defendant. Considering the evidence in the light most favorable to the prosecution *(see, Jackson v Virginia,* 443 US 307, 319), there is sufficient evidence to sustain the conviction.

The defendant argues that the prosecutor's summation deprived him of a fair trial. This argument was not preserved for appellate review and we see no reason to reach it in the interest of justice.

Finally, the defendant's contention that impermissible use was made of his postarrest silence was not preserved for appellate review. During cross-examination of a People's wit-

ness, defense counsel adduced the fact that the defendant remained silent upon his arrest and asserted his *Miranda* rights. On redirect, the prosecutor reelicited these facts without objection. Under the circumstances, we decline to reach the issue in the interest of justice. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.