■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WORD, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Westchester County (McNab, J.), rendered September 6, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the trial court erred in denying his postverdict motion for a hearing to ascertain whether the victim's mother had spoken to the jurors at dinner during a break in their deliberations. In support of the motion, the defendant submitted, *inter alia,* the affidavit of an individual who had not been present at the dinner who merely speculated "[u]pon information and belief" that such contact had taken place, as well as the affidavit of the defendant's sister, who also lacked firsthand knowledge of the events in question, in which she stated that an unnamed waitress had told her that a woman fitting the description of the victim's mother had been present in the restaurant with the jury. In opposition to the motion, the People produced the affidavit of a court officer who had been present with the jury throughout this period, in which he stated unequivocally that no such contact had occurred. The court properly denied the motion *(see, People v Session,* 34 NY2d 254).

The defendant's contentions that the prosecutor delivered an improper summation and improperly cross-examined defense witness Carol Rubinson are unpreserved for appellate review due to lack of objections at trial *(see,* CPL 470.05 [2]; *People v Williams,* 46 NY2d 1070). Similarly, as the defendant failed to allege at the trial level that the indictment was duplicitous or contained insufficient factual allegations, this issue is also unpreserved for our review *(see, People v Iannone,* 45 NY2d 589; *People v Branch,* 73 AD2d 230), and in any event it lacks merit *(see, People v Iannone, supra).*

We have considered such other of the defendant's contentions as have been preserved for our review and find them to be lacking in merit. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.