■ The People of the State of New York, Respondent, v Vincent H. Jenkins, Appellant.—Judgment unanimously affirmed. Memorandum: Although defendant was the subject of suggestive pretrial identification procedures, the court properly permitted the complainant to identify the defendant at trial as there was an independent basis for the identification. The complainant had ample time to view the defendant *(see, People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768; *People v Mosley,* 110 AD2d 937) and her initial description of the defendant was detailed. Moreover, as complainant testified at the *Wade* hearing, during the rape she touched the assailant's face and back and "in a braille-type of way I reinforced what I had seen by touch." Thus, under the totality of circumstances, the People established by clear and convincing evidence that the complainant's in-court identification of the defendant was reliable *(see, People v Ballott,* 20 NY2d 600, 606-607; *People v Smith,* 109 AD2d 1096, 1098; *People v Graham,* 67 AD2d 172, 176-178). We have considered defendant's remaining claims and find each one lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Mar-

shall, J.—robbery, second degree, and other offenses.) Present —Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.