■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO GONZALEZ, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that several errors were committed but that none requires reversal of defendant's conviction for assault in the second degree and criminal possession of a weapon in the second degree. The joint identification by two witnesses of defendant's photograph out of a series of mug shots was improper. This practice of eliciting photo identification from more than one witness at a time has been condemned for being unduly suggestive (see, People v Mosley, 110 AD2d 937, 938; People v Jones, 108 AD2d 824, 825; People v Gaddy, 98 AD2d 729; People v Fernandez, 82 AD2d 922, 923; People v Harris, 74 AD2d 879; People v Leite, 52 AD2d 895). However, there was sufficient evidence supporting the hearing court's determination that there was an independent basis for the in-court identification by the eyewitnesses (see, People v Ballott, 20 NY2d 600, 606-607; People v Jenkins, 132 AD2d 942, lv denied 70 NY2d 751; People v Mosley, supra, at 938-939; People v Jones, supra, at 825; People v Chamberlain, 96 AD2d 959, 960).

We agree with defendant's contention that the court erred in giving the jury a "no unfavorable inference" charge where defendant did not request that such charge be given (see, People v Goncalves, 143 AD2d 530). In view of the overwhelming evidence of defendant's guilt, however, there is no reasonable possibility that the error contributed to defendant's conviction (People v Crimmins, 36 NY2d 230, 237; see also, People v Koberstein, 66 NY2d 989).

The court also erred in permitting Officer Goldacker to testify on direct examination as to an eyewitness's prior description and identification of defendant. That testimony was not only hearsay, but also constituted improper bolstering (People v Trowbridge, 305 NY 471). However, since there was no objection to that testimony, the issue has not been properly preserved for appellate review (CPL 470.05 [2]). Moreover, it is well established that the admission of bolstering testimony is subject to harmless error analysis (People v Johnson, 57 NY2d 969). (Appeal from judgment of Onondaga County Court, Gorman, J.—assault, second degree, and another charge.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.