■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN MULLALLY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant took no exception to the court's instructions to the jury, and issues raised on appeal regarding the court's charge have not been preserved for our review (CPL 470.05 [2]). We note that the trial court erred by instructing the jury, in the absence of a request by defendant, that no unfavorable inference may be drawn from defendant's failure to testify *(People v Gonzalez,* 145 AD2d 923; *People v Goncalves,* 143 AD2d 530). Proof of defendant's guilt, however, was overwhelming and the error was harmless *(People v Koberstein,* 66 NY2d 989; *People v Gonzalez, supra).* Because the error did not deprive defendant of a fair trial, reversal is not warranted (CPL 470.15 [6] [a]).

With one exception, defendant's claims of prosecutorial misconduct were not preserved for our review. The claimed errors did not, individually or cumulatively, deprive defendant of a fair trial and do not warrant reversal.

We also conclude that proof of defendant's guilt was legally sufficient to support the jury's verdict and, in light of defendant's criminal history and the nature of the crimes, that the court did not abuse its discretion by imposing the maximum sentence on the two counts of murder in the second degree. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—murder, second degree; arson, fourth degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.