■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY C. JOHNSON, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The court erred in sentencing defendant to consecutive terms of imprisonment upon conviction for assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) because the two crimes arose out of the same criminal act and defendant's possession of the weapon was a material element of the assault as charged in the indictment (see, Penal Law § 70.25 [2]; People v Perez, 45 NY2d 204, 210-211; People ex rel. Maurer v Jackson, 2 NY2d 259, 264; People v Terry, 104 AD2d 572, 573; People v Torres, 91 AD2d 1005; cf., People v Day, 73 NY2d 208; People v Brathwaite, 63 NY2d 839; People v Oglesby, 128 Misc 2d 818, 820-821). There is no merit to defendant's remaining claims. Given the violent and dangerous nature of the crimes, the sentences, as imposed concurrently, are not excessive. The proof amply supports the weapon possession conviction (see, People v Filpo, 121 AD2d 464, lv denied 68 NY2d 812; People v Bernier, 111 AD2d 762, lv denied 66 NY2d 761) and a proper chain of custody was established for admission of the pistol and bullet casing in evidence (see, People v Julian, 41 NY2d 340). There was no Rosario violation (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866) with respect to witness Smith's statement because the People supplied defendant with the statement as soon as the prosecutor decided to call the witness (see, People v Perez, 65 NY2d 154). The fact that Investigator Cicigline's notes were not preserved did not prejudice the defendant because the notes were incorporated in the officer's report (see, People v Martinez, 71 NY2d 937; People v Paranzino, 40 NY2d 1005). Accordingly, the judgment is modified so that the sentences run concurrently and otherwise the judgment is affirmed. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal possession of weapon, second degree; assault, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.