THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BURTS, Appellant.—Case held, decision reserved and matter remitted to Erie County Court for a hearing, in accordance with the following memorandum: The court properly denied defendant's request for substitution of counsel because defendant did not establish good cause for such relief *(see, People v Medina,* 44 NY2d 199, 207-209). The evidence was sufficient to support defendant's conviction under count 2 of the indictment because the victim of the robbery testified that defendant brandished a knife and threatened to kill him prior to stealing his wallet *(see, People v Pena,* 50 NY2d 400, 408, *cert denied* 449 US 1087; *People v Smith,* 142 AD2d 619, *lv denied* 73 NY2d 860). Given the nature of the crimes for

which defendant was convicted and defendant's criminal record, the sentence defendant received is not excessive.

The court erred, however, in finding that the photo identification procedure was not impermissibly suggestive. The joint identification by two witnesses of defendant's photograph out of a series of mug shots was improper *(People v Gonzalez,* 145 AD2d 923, *lv denied* 73 NY2d 1015). In our view the court's erroneous ruling lulled the People into complacency or otherwise interfered with their opportunity to present evidence that there was an independent basis for the victims' identification and, accordingly, we remit the matter for a hearing to determine whether there was an independent basis for the victims' in-court identification *(see, People v Giles,* 73 NY2d 666, 671; *People v Crandall,* 69 NY2d 459, 464-465, *rearg denied* 70 NY2d 748; *People v Dodt,* 61 NY2d 408, 417; *People v Payton,* 51 NY2d 169, 177; *People v Havelka,* 45 NY2d 636, 642-643; *People v Green,* 33 NY2d 496; *People v Malinsky,* 15 NY2d 86).

All concur, except Callahan, J. P., who dissents and votes to reverse, in the following memorandum.

Callahan, J. P., (dissenting). I concur with the majority that the photo identification procedure was impermissibly suggestive *(see, People v Gonzalez,* 145 AD2d 923). In my view, however, we can only remit for a rehearing when the hearing court commits an error of law which " 'directly causes the People to fail to offer potentially critical evidence' " *(People v Giles,* 73 NY2d 666, 671); that did not occur in this case.

The People called the two victims to testify at the pretrial *Wade* hearing, but failed to ask them any questions to establish an independent basis for their identification of defendant. The court's erroneous ruling, made following the close of the testimony, did not directly cause the People to fail to offer this critical evidence. Moreover, there is nothing in the record to indicate that the court precluded the People from offering such evidence. Under these circumstances, the People are not entitled to a second chance to offer such evidence *(see, People v Dodt,* 61 NY2d 408, 417-418; *People v Havelka,* 45 NY2d 636, 643).

Defendant was entitled in advance of trial to the determination by a Judge on the question of any independent source of identification *(People v Dodt, supra,* at 418); the majority ruling deprives defendant of this fundamental right. Although the People had a full opportunity to establish such a source, they failed to do so. Thus, since we have determined that the

joint viewing was erroneous, we must reverse. (Appeal from judgment of Erie County Court, Dillon, J.—robbery, first degree.) Present—Callahan, J. P., Green, Balio, Lawton and Davis, JJ.