■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. NICHOLAS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon a jury verdict, of two counts of attempted murder in the first degree, two counts of attempted aggravated assault upon a police officer, three counts of criminal possession of stolen property in the fourth degree, two counts of criminal possession of stolen property in the fifth degree, and one count of criminal possession of a weapon in the second degree and reckless driving. He was sentenced, as a predicate felon, to consecutive indeterminate terms of 25 years to life on each of the convictions for first degree attempted murder, and to lesser concurrent indeterminate and determinate terms on the remaining convictions.

These convictions arise out of an incident that occurred in Syracuse on the evening of September 30, 1987. Two New York State Troopers had located an automobile that defendant was suspected of stealing. On examining it, they discovered that it contained items reported missing in a string of recent residential burglaries. During their stakeout of that car, they observed defendant get into it and drive away. The pursuit to apprehend defendant resulted in a high-speed chase that ended when the auto that defendant was driving crashed into a utility pole. Defendant exited the vehicle and fired six shots from a .22 caliber revolver in the direction of the Trooper's car. One shot struck and shattered the vehicle's windshield, one hit the car's right front fender, and four hit the open passenger door through which a Trooper was exiting. Neither Trooper was hit by the gunshots. When defendant's gun was empty, he threw up his hands and surrendered. His written statement admitted that he shot at the officers, but denied that he intended to kill them.

Defendant challenges the adequacy of the indictment and the court's charge thereon. A challenge to the adequacy of factual allegations in the indictment may not be raised on appeal where no such objection was raised at trial, and accordingly, defendant has waived the alleged defect *(People v*

*Soto,* 44 NY2d 683, 684; *People v Andrews,* 146 AD2d 787, 788; *People v Word,* 122 AD2d 182, 183, *lv denied* 68 NY2d 818; *People v Grimsley,* 60 AD2d 980). In any event, defendant's contention lacks merit as counts 2 and 3 charged the essential elements of attempted murder in the first degree *(see,* Penal Law §§ 110.00, 125.27; CPL 200.50 [7] [a]). Whether defendant discharged a gun "at" or "in the direction of" the Troopers is not critical, as long as he did so with the intent to cause the death of the officers by doing either. Thus, the indictment was not defective, and the charge given thereto was proper. Furthermore, the convictions for attempted murder in the first degree and attempted aggravated assault upon a police officer are supported by legally sufficient evidence and are not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant did not testify at trial nor did he call any witnesses in his defense. Although the trial court erred by instructing the jury, in the absence of a request by the defendant, that no unfavorable inference may be drawn from defendant's failure to testify *(see, People v Mullally,* 147 AD2d 904, *lv denied* 73 NY2d 980; *People v Gonzalez,* 145 AD2d 923, *lv denied* 73 NY2d 1015), the proof of defendant's guilt was overwhelming and thus the error was harmless *(see, People v Koberstein,* 66 NY2d 989; *People v Mullally, supra).*

None of the other issues raised by appellate counsel or by defendant's *pro se* brief has any merit. The prosecutor's remarks on summation were a fair response to arguments made by defense counsel and did not ask the jury to draw conclusions that were not inferable from the evidence *(see, People v Butts,* 139 AD2d 660, *lv denied* 71 NY2d 1024; *People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). The court did not err in denying defendant's request to charge reckless endangerment in the first and second degrees as lesser included offenses of attempted murder in the first degree and attempted aggravated assault upon a police officer *(see, People v Ramirez,* 55 NY2d 708). The imposition of consecutive sentences on the two convictions for attempted murder was legally proper since two intended victims were involved *(see, People v Brathwaite,* 63 NY2d 839, 842-843; *People v Drake,* 129 AD2d 963, 966, *lv denied* 70 NY2d 799, 71 NY2d 895). Defendant has an extensive prior criminal record. Considering the circumstances of this case, we conclude that the sentencing court did not abuse its discretion in imposing consecutive sentences. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—

attempted murder, first degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.