THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EARL ADAMS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), burglary in the first degree (Penal Law § 140.30 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03).

On this appeal, defendant asserts that the suppression court erroneously denied his motion to suppress his prearrest statements made to the police on December 6, 1985, at a time when the police were aware that defendant was represented by counsel on unrelated pending charges. Defendant contends that these statements were taken in violation of his indelible right to counsel. We disagree. The right to counsel as enunciated by the Court of Appeals in People v Rogers (48 NY2d 167) applies only to custodial interrogations (People v Bertolo, 65 NY2d 111, 116; see also, People v Farruggia, 61 NY2d 775, 777). The suppression court correctly denied defendant's motion to suppress his prearrest statements made to police on December 6, 1985 because the statements were voluntarily given under noncustodial circumstances (see, People v Bertolo, supra, at 116; People v Yukl, 25 NY2d 585, 588-589, mot to amend remittitur denied 26 NY2d 845, cert denied 400 US 851).

Defendant's objection pursuant to Batson v Kentucky (476 US 79) has not been preserved for our review (see, CPL 470.05 [2]). Were we to address this issue, we would conclude that although defendant established a prima facie case of "purposeful discrimination", the prosecutor proffered reasonably specific race-neutral reasons for his use of peremptory challenges

to exclude four black members of the jury panel *(see, Batson v Kentucky, supra; People v Scott,* 70 NY2d 420).

Defendant's claim that the court committed reversible error by instructing the jury, in the absence of a request by defendant, that no unfavorable inference may be drawn from defendant's failure to testify has not been preserved for our review. Defendant did not take exception to the court's instructions (CPL 470.05; *People v Mullally,* 147 AD2d 904, *lv denied* 73 NY2d 980). Although it was error for the court to give the charge *(see,* CPL 300.10 [2]; *People v Gonzalez,* 145 AD2d 923, *lv denied* 73 NY2d 1015; *People v Goncalves,* 143 AD2d 530, *lv denied* 73 NY2d 855), we deem the error harmless *(see, People v Koberstein,* 66 NY2d 989, 991; *People v Mullally, supra; People v Gonzalez, supra; People v Goncalves, supra).* In light of the overwhelming evidence of defendant's guilt, "there is no reasonable possibility that the error might have contributed to defendant's conviction" *(People v Crimmins,* 36 NY2d 230, 237; *see also, People v Goncalves, supra).*

The evidence, when viewed in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437), supports defendant's conviction of every count of the indictment *(see, People v Bleakley,* 69 NY2d 490, 495). We also conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley, supra,* at 495).

Defendant contends that the court erred in sentencing him to a consecutive term of imprisonment on the burglary conviction. At sentencing, defendant received concurrent terms of imprisonment of 25 years to life for the crimes of intentional murder (Penal Law § 125.25 [1]) and felony murder (Penal Law § 125.25 [3]). The court also sentenced defendant to an indeterminate term of 7½ to 15 years' imprisonment on the conviction for second degree criminal possession of a weapon to run concurrently with the sentence imposed on the murder convictions. The court then sentenced defendant to an indeterminate term of 12½ to 25 years' imprisonment for the crime of burglary in the first degree to run consecutively to the sentences imposed on the murder convictions. Concurrent sentences for burglary and felony murder were required inasmuch as the burglary was a material element of the felony murder conviction *(see,* Penal Law § 70.25 [2]; *People v Hildreth,* 148 AD2d 879, 882-883, *lv denied* 73 NY2d 1016). Further, concurrent sentences for burglary and criminal possession of a weapon were required inasmuch as defendant's possession of the weapon was a material element of the burglary conviction *(see,* Penal Law § 70.25 [2]; *People v John-*

*son,* 149 AD2d 910). Accordingly, the judgment is modified only by reversing so much of the sentence as imposed consecutive terms of imprisonment on the convictions of burglary in the first degree and one count of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and consecutive terms on the convictions of criminal possession of a weapon in the second degree and burglary in the first degree; said sentences are to run concurrently. In all other respects, the sentence, as imposed, should not be disturbed.

Defendant's contention, asserted for the first time in his supplemental *pro se* brief on appeal, that his warrantless arrest at his home violated his constitutional rights (US Const 4th Amend; NY Const, art I, § 12; *Payton v New York,* 445 US 573) is not preserved for appellate review because the issue was not raised before the suppression court *(see, People v Gonzalez,* 55 NY2d 887, 888; *People v Ruggles,* 159 AD2d 969). In any event, we note that the hearing court suppressed defendant's statements to the police made following his arrest.

Finally, the trial court did not abuse its discretion by admitting the photographs of the victim *(see, People v Pobliner,* 32 NY2d 356, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905). (Appeal from judgment of Erie County Court, D'Amico, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.