■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONIE SIMS, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that the court improperly denied defendant access to the medical and psychiatric records of the complaining witness. The response of the prosecutor to defendant's demand to produce records clearly shows that the prosecutor made the victim's "Medical records" available to defendant for inspection and copying. Insofar as defendant's argument may be construed to allege that the prosecutor withheld *Brady* material *(see, Brady v Maryland,* 373 US 83), it must fail. Defendant has not shown that there was any *Brady* material in existence and that the prosecutor withheld such material from him.

Defendant's arguments that the indictment insufficiently notified defendant concerning the time of the crimes charged and that the counts were duplicitous have not been preserved for appellate review inasmuch as defendant failed to move against the indictment *(see, People v Soto,* 44 NY2d 683; *People v Nicholas,* 163 AD2d 844). Were we to decide those issues, we would determine that the indictment was sufficient *(see, People v Morris,* 61 NY2d 290, 295-296) and that the counts were not duplicitous *(see, People v Keindl,* 68 NY2d 410, 421, *rearg denied* 69 NY2d 823).

Finally, we conclude that the verdict was supported by sufficient evidence and was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—sodomy, first degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.