◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN V. MERRILL, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 23, 1990, upon a verdict convicting defendant of the crime of assault in the second degree.

At approximately 2:30 A.M. on June 27, 1989, Paul Drake and William MacDowall left a bar in the City of Binghamton, Broome County, and walked to MacDowall's car parked under a street light. A confrontation developed between MacDowall and William Crampton, who was accompanied by defendant. During the argument defendant suddenly and without warning struck Drake in the face with a beer bottle and fled. Ultimately, two separate photo arrays were shown to MacDowall and Drake and a lineup was held. Defendant unsuccessfully moved to suppress the identification testimony, contending that the photo arrays and the lineup were unduly suggestive and prejudicial. Defendant was convicted as charged after trial and sentenced to 3½ to 7 years' imprisonment as a second felony offender. This appeal ensued.

Defendant initially contends that MacDowall's ability to make an in-court identification was prejudicially tainted by pretrial identification procedures. MacDowall was first shown a photo array containing the picture of an individual initially suspected who MacDowall tentatively identified as the assailant. Subsequently, MacDowall failed to identify defendant's photo in a second array which was different from the first. Drake, however, did select defendant's photo. Several weeks

later, both MacDowall and Drake did pick defendant out of a lineup. We have examined defendant's contentions that both the photo arrays and lineup were unduly suggestive, improperly constituted and prejudicial, and find each to be without merit. The record fully supports County Court's decision after the *Wade* hearing, and we agree that both MacDowall and Drake each had an independent basis for their in-court identification of defendant *(see, People v Mosley,* 110 AD2d 937; *People v Chamberlain,* 96 AD2d 959).

Defendant next contends error in the quantity of testimony read back in response to the jury's request. Although defense counsel was immediately aware that more testimony than required was read back, for tactical reasons he withheld objection until the full reading had been completed. Because an objection would have obviated the error at that point, defendant has failed to preserve this issue for appellate review *(see, People v Jones,* 81 AD2d 22, 30). Even if the issue was preserved for our review, we find no merit to defendant's claim since defendant has not alleged undue emphasis on any portion or other specific prejudice, or that the expanded reading was other than a meaningful response to the jury inquiry *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847).

Finally, we reject defendant's contention that he was not provided with effective assistance of counsel. Defendant, who was not in custody, consented to counsel's agreement to adjourn the trial to a date which otherwise may have been grounds for a speedy trial motion. The mistaken identity defense and failure to present a justification defense were no more than unsuccessful trial strategies. The representation of defendant, taken in its totality, reveals that counsel provided defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.