(June 25, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WRIGHT, Appellant.—Judgment of the Supreme

Court, New York County (Jerome Hornblass, J.), rendered on November 27, 1989, which convicted defendant, after a jury trial, of unauthorized use of a vehicle in the third degree, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the matter is remanded for a new trial.

Near the close of the defendant's case, a sitting juror requested discharge from continued jury service because it would interfere with her vacation plans. The Court excused the juror, without the express consent of the defense, and despite the juror's expressed willingness to return for summations and deliberations. This was error. (CPL 270.35; *see, People v Washington,* 75 NY2d 740.)

The Trial Court also erred in its instruction to the jury with respect to the defendant's decision not to testify. The Court gave the following instruction to the jury:

"The defendant doesn't have to take the stand and, indeed, in this case the defendant did not take the stand. That is his absolute election.

"By not taking the stand he essentially says, I don't have to prove anything. The prosecutor has to prove it. I don't have to aid or encourage or discourage the prosecution. I believe I'm not guilty and let the prosecutor prove her case.

"Your duty is not to hold it against him when he elects not to testify as he did here, because that is his absolute right under our American system."

As we stated in *People v Garcia* (160 AD2d 354), which we reversed because of a substantially similar charge, this type of excessively lengthy charge unnecessarily draws attention to defendant's exercise of his right not to testify. Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith JJ.