■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLANDERS JORDAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MCCRAY, Appellant. [654 NYS2d 141] —Judgments, Supreme Court, New York County (Alvin Schlesinger, J.) rendered January 24, 1991 and March 18, 1991, convicting each defendant after a joint jury trial, of manslaughter in the first degree, and sentencing defendant Jordan, as a second violent felony offender, to a term of 11 to 22 years and sentencing defendant McCray, as a persistent violent felony offender, to a term of 17 years to life, unanimously affirmed. Orders, same court and Justice, entered on or about June 17, 1992 and May 25, 1993, which, inter alia, directed a hearing, and thereafter denied, defendant Jordan's motion pursuant to CPL 440.10 to vacate judgment, unanimously affirmed.

We find the record of the voir dire portion of this case, as presented on the appeals, sufficiently complete to determine

the *Batson* claims raised by defendants (*People v Childress*, 81 NY2d 263, 268). The record demonstrates that, even though defendants failed to establish a clear pattern of purposeful discrimination in the first instance, the prosecutor provided nonpretextual race neutral reasons for the use of the peremptory strikes against the jurors, whose dismissals are challenged on appeal by defendants (*see, People v Payne*, 88 NY2d 172, 181; *cf., People v Rodriguez*, 211 AD2d 275, *appeal dismissed* 88 NY2d 917), and that defendants had ample opportunity to address the prosecutor's reasons for his use of particular peremptory challenges.

The court's statements to the panel during voir dire regarding the defendant's decision whether or not to testify do not warrant reversal (*see, People v Koberstein*, 66 NY2d 989, 990-991).

The trial court's dismissal of an ill juror and of another juror who admitted that the cancellation of her travel plans would affect her ability to deliberate, while retaining three other jurors, two of whom had vacation plans and one of whom had an imminent final college examination did not constitute an improvident exercise of discretion. All three of the retained jurors unequivocally expressed that their ability to deliberate fairly would not be compromised by the circumstances (*People v Lopez*, 225 AD2d 418, *lv denied* 88 NY2d 988; *People v Wright*, 174 AD2d 522, 523).

We have reviewed the other claims raised by defendants on the appeals from the judgments and find them to be without merit.

Upon review of defendant Jordan's claims regarding the trial court's denial, after a hearing, of his motion pursuant to CPL 440.10, we find those claims to be without merit. Concur— Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.