■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVES GERMAIN, Appellant. [658 NYS2d 371] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered May 23, 1995, convicting him of murder in the second degree, criminal possession of stolen property in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant that the trial court committed reversible error in discharging a sworn juror following the conclusion of all testimony. It is well settled that a defendant has a constitutional right to be tried by a jury in whose selection he has had a voice *(see, People v Page,* 72 NY2d 69; *People v Buford,* 69 NY2d 290). Here, the trial court prematurely discharged a sitting juror because she was scheduled to attend a discretionary conference some two days hence. The record fails to establish that the juror was unavailable for continued service at the time of her discharge, or that the court sufficiently considered reasonable alternatives to her discharge *(see generally,* CPL 270.35 [1]; *People v Wright,* 174 AD2d 522; *People v Rosa,* 138 AD2d 753). Under these circumstances, a new trial is required.

In view of the foregoing, we do not consider the defendant's remaining contention. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.