■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MONTGOMERY, Appellant. [732 NYS2d 389] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), assault in the second degree (Penal Law § 120.05 [3]), resisting arrest (Penal Law § 205.30), and escape in the third degree (Penal Law § 205.05). Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction of burglary in the second degree and the verdict is not against the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495). We further

conclude that Supreme Court did not abuse its discretion by its *Sandoval* ruling that defendant could be cross-examined concerning two prior convictions of attempted burglary in the second degree as well as the fact that he was previously convicted of four misdemeanors. The record establishes that the court properly balanced the probative value of the prior convictions against the potential for undue prejudice (*see, People v Williams,* 56 NY2d 236, 238-239), and ruled that defendant could not be asked about the underlying facts of the burglaries or the nature of the misdemeanor offenses. The fact that the prior convictions of attempted burglary in the second degree are similar to the burglary charged herein does not preclude their use on cross-examination (*see, People v Pavao,* 59 NY2d 282, 292; *People v Lee,* 275 AD2d 995, 997, *lv denied* 95 NY2d 966; *People v Castaldi,* 209 AD2d 961, *lv dismissed* 84 NY2d 1029).

We also reject the contention of defendant that the court erred in denying his motion for a mistrial based upon allegedly improper comments by the prosecutor during his summation. The prosecutor's remarks on summation were a fair response to defense counsel's summation, and the prosecutor did not ask the jury to draw conclusions that were not inferable from the evidence (*see, People v Nicholas,* 163 AD2d 844, 845, *lv denied* 76 NY2d 989). The sentence is neither unduly harsh nor severe.

Contrary to the contention of defendant in his *pro se* supplemental brief, he was not deprived of effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796, 798-800). Defendant's further *pro se* contentions, that the court erred in failing to charge the defense of justification with respect to the charge of assault in the second degree and further erred in instructing the jury with respect to the charges of assault and resisting arrest, are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.