■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [751 NYS2d 902] —Appeal from a judg-

ment of Erie County Court (D'Amico, J.), entered April 30, 2001, convicting defendant after a jury trial of, inter alia, arson in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that two prosecution witnesses were not credible and thus that the conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence. Defendant's motion to dismiss based on the legal insufficiency of the evidence was untimely because it was made after summations (*see* CPL 290.10 [1]). In any event, the evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621), is legally sufficient to support the conviction (*see People v Bleakley,* 69 NY2d 490, 495). In addition, the verdict is not against the weight of the evidence (*see id.*). Issues concerning the credibility of those witnesses were for the jury (*see People v Gruttola,* 43 NY2d 116, 122), and, based on our review of the evidence, we conclude that the jury gave the evidence the weight it should be accorded (*see Bleakley,* 69 NY2d at 495; *People v Moore,* 275 AD2d 969, 970, *lv denied* 95 NY2d 936; *People v Bain,* 262 AD2d 1023, *lv denied* 93 NY2d 1043).

County Court properly denied defendant's motion pursuant to CPL 330.30. The basis for that motion was a legal insufficiency argument that had not been raised at trial, and thus the alleged error was not one of law that would require a reversal or modification of the judgment as a matter of law on appeal (*see* 330.30 [1]; *People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). We reject defendant's contention that a *Brady* violation occurred with respect to information concerning another suspect in the crime. Defendant has not established that any *Brady* material existed (*see People v Peoples,* 231 AD2d 895, *lv denied* 89 NY2d 927; *People v Sims,* 167 AD2d 952). The court properly denied defendant's application to suppress the testimony of an inmate witness who allegedly was an agent of the People. The testimony at the hearing conducted pursuant to *People v Cardona* (41 NY2d 333) established that the inmate spoke with defendant and provided defendant's statements to the District Attorney's office on his own initiative. Thus, the People's role was limited to passive receipt of that information (*see People v Spina,* 275 AD2d 902, 903, *lv denied* 95 NY2d 969; *People v Restivo,* 210 AD2d 964, 965, *lv denied* 85 NY2d 942).

Contrary to the further contention of defendant, he was not denied effective assistance of counsel based on defense counsel's

failure to preserve certain alleged errors for appellate review and other alleged deficiencies. The constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (*People v Flores,* 84 NY2d 184, 187). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. The contentions of defendant that the court improperly admitted hearsay evidence at trial and that cumulative errors deprived him of his right to due process are without merit. Defendant's remaining contentions are unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.