■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS PHILLIPS, Appellant. [823 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 2, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal mischief in the fourth degree and attempted petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (§ 145.00 [1]) and attempted petit larceny (§§ 110.00, 155.25). Defendant contends that Supreme Court erred in failing to discharge a juror who appeared to be asleep during a portion of the trial. Defendant did not move to discharge that juror and thus failed to preserve his contention for review (*see People v Wright*, 16 AD3d 1113 [2005], *lv denied* 4 NY3d 857 [2005]; *see also People v Punwa*, 24 AD3d 471 [2005], *lv denied* 6 NY3d 779 [2006]). In any event, following the court's inquiry of that juror, defendant consented to his continued service and declined the court's offer to substitute an alternate juror for him. Thus, defendant "should not now be heard to complain" of the court's failure to discharge the juror (*People v Argibay*, 57 AD2d 520, 521 [1977], *affd* 45 NY2d 45 [1978], *rearg denied* 45 NY2d 839 [1978]; *see People v Fenderson*, 203 AD2d 585, 586 [1994], *lv denied* 84 NY2d 825 [1994]). The court was entitled to rely on its own observation that the juror was attentive during the remainder of the trial, and the court was thus not required to conduct a further inquiry when defendant alleged that the juror had again fallen asleep (*see People v Brown*, 160 AD2d 172, 174 [1990], *lv denied* 76 NY2d 785 [1990]).

Defendant further contends that the court's *Sandoval* ruling,

permitting cross-examination concerning his prior convictions of burglary and attempted burglary, constitutes an abuse of discretion. We reject defendant's contention, despite the similarity of those convictions to the present burglary charge (see People v Montgomery, 288 AD2d 909, 909-910 [2001], lv denied 97 NY2d 685 [2001]; see generally People v Hayes, 97 NY2d 203, 207-208 [2002]). Defendant failed to preserve for our review his challenge to the procedure used to obtain a saliva sample from him (see People v Clark, 15 AD3d 864, 865 [2005], lv denied 4 NY3d 885, 5 NY3d 787 [2005]; People v Afrika, 13 AD3d 1218, 1220, lv denied 4 NY3d 827 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defense counsel's failure to challenge that procedure, a challenge that likely would have been futile, does not constitute ineffective assistance of counsel (see People v Murray, 7 AD3d 828, 830-831 [2004], lv denied 3 NY3d 679 [2004]). Present—Gorski, J.P., Smith, Centra and Green, JJ.